**McCANN v. CENTRAL FORWARDING, Inc.**

**No. 14946.**

Court of Civil Appeals of Texas.
Fort Worth.

May 14, 1948.

Rehearing Denied June 11, 1948.

Frank B. Potter and Morris Harrell, both of Fort Worth, for appellant.

Culbertson, Morgan, Christopher & Bailey and M. Ward Bailey, all of Fort Worth, for appellee.

HALL, Justice.

Appellee, Central Forwarding, Inc., a specialized motor carrier, sued appellant, Thomas A. McCann, dba McCann Construction Company, a general contractor, in the County Court at Law of Tarrant County, Texas, for the difference in transportation charges for two truck loads of equipment hauled by appellee for appellant to Houston, Texas, by way of Corpus Christi, and the amount of charges which would have been due for the same transportation from Orange direct to Houston.

The case was tried to a jury and judgment was entered for appellee in the sum of $540.24, with interest at the rate of six per cent from July 1, 1946 and costs.

Appellant submits this appeal with nine points of error. Appellee alleged and contends that appellant while dismantling a Federal Housing Project in Orange, Texas, employed it to remove certain household equipment from Orange to Corpus Christi, Texas; that authorized representatives and agents of appellant instructed appellee to transport the two truck loads involved direct to Corpus Christi from Orange but that upon arrival at Corpus Christi appellee's employees were ordered by appellant's agents to transport the same on to Houston, Texas for storage, which it did.

Appellant's contention here and in the trial court is that appellee did not have authority from it to remove said two loads of equipment from Orange direct to Corpus Christi, but on the contrary it was obligated and only had authority to transport such equipment by a written contract dated June 10, 1946 to Houston, Texas for storage until needed at the Corpus Christi project, and later, upon notice, to transport the same on to appellant's building site at Corpus Christi. Appellant further contends that said written contract was entered into prior to the time the two truck load shipment by appellee had begun; that said written contract had not been changed and was in force at the time of the hauling of said two truck loads; it further denies that any of its representatives gave instructions that would have been in variance with said written contract. Appellant further alleged that it issued purchasing order No. 18, dated July 1, 1946, which authorized its representative to accept the bid of appellee for the hauling of such eqiupment from Orange to Houston and from Houston to Corpus Christi, and that such purchasing order was accepted by appellee through the June 10, 1946 contract.

There is no dispute but that the two truck loads of equipment were actually transported from Orange to Corpus Christi and then on to Houston by appellee. Appellee contends this was done by an oral contract between its representatives and those of appellant.

Appellant contends that if there was an oral agreement that such merged into the written contract and therefore became ineffective.

Appellant's exhibit No. 1 is a letter which it contends is a contract dated June 10, 1946, as follows:

"June 10, 1946, Fort Worth, Texas.

"McCann Construction Company

"P. O. Box 2079

"Fort Worth, Texas

"Gentlemen:

"The undersigned hereby agrees to haul all household equipment transferred from Project TEX-41173, Orange, Texas to Project TEX-V-41769, Corpus Christi, Texas.

"The above to be hauled on Texas Railroad Commission rate, to be transported to Houston, Texas, for storage until needed on Corpus Christi Project, then transported to Project Site.

"This equipment to be delivered to the Project Site when ordered by the Contractor.

"Yours truly,

"Central Forwarding Company
(Signed): "By T. M. Rohde
"Representative"

Appellee contends that the letter supra was merely a bid and that same was not accepted by appellant until it issued the purchasing order of July 1, 1946.

Appellant, Thomas A. McCann, testified that after he and Mr. Rohde, agent for appellee, had agreed upon the project for hauling the equipment, that he asked Mr. Rohde to sit down and write up a proposal for a bid confirming their conversation and agreement, which he did, to wit: appellant's exhibit No. 1 supra.

Mr. McCann further testified that appellee's Exhibit No. 2 was a purchasing order and "that was confirmation of our verbal contract which I gave him on June 10, the same date that he wrote the proposal." As heretofore stated, this purchasing order dated July 1, 1946, appellee contends, is the acceptance by appellant of its written proposal dated June 10, 1946.

Appellant further testified that he had a general superintendent on the job at Corpus Christi by the name of Gladish, who had equal authority with him; that if this superintendent, Gladish, made the request for the shipment of merchandise from Orange to Corpus Christi he certainly had the power to do so; that his company would be absolutely liable for such freight; and that he felt responsible to pay for same if it was shown that his superintendent did make the request which caused the two truck loads to be transported to Corpus Christi.

The findings of the jury based on two issues are substantially as follows: (1) That appellant's employee Gladish on June 8, 1946 requested appellee to haul the two truck loads of commodities in question from Orange, Texas to Corpus Christi, Texas; and (2) that such shipment was made by appellee pursuant to said request.

By such jury findings they foreclosed the issue of fact herein. There is ample evidence to support such findings. Appellee's employees testified that appellant's superintendent Gladish ordered the two truck loads shipped to Corpus Christi.

Appellant contends, however, that such testimony by appellee's employees was inadmissible because it varied the terms of the written contract. We find this point of law becomes immaterial when it is admitted by appellant that if his superintendent ordered appellee's employees to deliver the truck loads direct to Corpus Christi that he was obligated to pay the same. However, we further find that there is sufficient evidence in the record to remove the testimony from the parol evidence rule to vary the terms of a written contract, which evidence is in effect that there had been partial performance prior to the time the written contract was made, executed or accepted by both parties. Appellee's witness Shaw testified that appellant's superintendent Gladish ordered the two truck loads in question on June 8, 1946; that they immediately began to prepare for the task and that such order was not revoked by appellant or his agents. Fisher County Pipe Line Co. v. Snowden & McSweeney Co., Tex.Civ.App., 143 S.W. 2d 675.

Finding no error in the trial court's judgment, it is affirmed.